## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOULE N. STEVENSON, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-811-RLW |
| ) | |
| MERCY CLINIC EAST COMMUNITIES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joule N. Stevenson, M.D., for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff states she brings this action pursuant to the False Claims Act against Mercy Clinic East Communities. According to the complaint, plaintiff began working for the defendant in October of 2016, and was assigned to work at a clinic located in Hazelwood, Missouri. In May of 2017, she noticed irregularities in her monthly earnings calculation. She asked to be moved to a different clinic because she believed her office manager would have the power to negatively affect her future income. In April or May of 2018, she noticed that charges were being billed to insurance companies differently than how she coded the office visit, in that the charges were either "up-coded" or "down-coded" to claim a monetary amount different than the services provided. The affected insurance companies included Medicare, Medicaid, Anthem and

2

Cigna. Plaintiff retained an attorney and gave the attorney two thumb drives containing documentation. The attorney gave plaintiff instructions on how to proceed, but plaintiff did not follow them because she did not agree with them. Plaintiff then spoke to the head of Mercy's Compliance Department. Plaintiff's computer was erased by the Mercy IT department, her medical assistant's computer was swapped out, and she received an email from Mercy's attorney stating that she should have received emails about the changes. On December 27, 2018, plaintiff was fired without cause. Plaintiff also states that she was harassed by the St. Louis Metropolitan Police Department in that she was nearly run off the road, that her Verizon and Facebook accounts were hacked, and that she began experiencing visual and auditory hallucinations.

For her prayer for relief, plaintiff states she "would like the Court to order a Federal Investigation of the defendant in regards to false medical claims. I would like to receive 30% of the recovered amount."

## Discussion

Plaintiff brings this action pro se under the False Claims Act ("FCA"), which punishes those who attempt to defraud the federal government. 31 U.S.C. § 3729. It authorizes private individuals to bring civil actions in the government's name, and such actions are referred to as qui tam actions. In a qui tam action, the private individuals actually "sue on behalf of the government as agents of the government, which is always the real party in interest." *United States ex. rel. Rodgers v. State of Ark.*, 154 F.3d 865, 868 (8th Cir. 1998).

Federal law authorizes persons to plead and conduct their own cases personally. 28 U.S.C. § 1654. However, as noted above, the United States, not plaintiff, is the real party in interest in this case. It has long been established in the Eighth Circuit that non-lawyers may not litigate qui tam actions on behalf of the United States. *See United States v. Onan*, 190 F.2d 1, 6-

3

7 (8th Cir. 1951). Other Circuits that have considered the issue have reached the same conclusion. *See Timson v. Sampson*, 518 F.3d 870, 873–74 (11th Cir. 2008) (per curiam) (holding that a pro se litigant could not maintain a qui tam action under the FCA because he could not provide "adequate legal representation for the United States's interests, particularly where the United States would be bound by the judgment in future proceedings"); *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007) ("Because qui tam relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing qui tam relators to proceed pro se in FCA actions.").

In the case at bar, plaintiff specifically states that she hired an attorney, but then chose to ignore the attorney's recommendations and pursue the matter on her own. It is therefore clear that plaintiff intends to litigate this matter pro se which, as explained above, she cannot do. The Court will therefore dismiss this case, without prejudice. Nothing in this Memorandum and Order shall be construed as prohibiting plaintiff from retaining counsel to bring an action under the FCA with respect to the allegations in the instant complaint.

Plaintiff also asks the Court to "order a Federal Investigation of the defendant in regards to false medical claims." However, plaintiff has no constitutional right or any other basis to compel an investigation, *see Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007), and this Court cannot compel a criminal prosecution. *Ray v. Dep't of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion") (citations omitted). Plaintiff also states, in conclusory fashion, that she was harassed by the St. Louis Metropolitan Police Department, and her Verizon and Facebook accounts were hacked. It

is unclear why plaintiff included this information in her complaint. Nevertheless, the Court notes that plaintiff's conclusory statements do not plead any plausible claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of May, 2019.

/s/ Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE